IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 2:06cr169-WKW |
| ) | |
| DARNELL MONTREZE BROWN ) | |

**MOTION TO WITHDRAW GUILTY PLEA
BY DEFENDANT DARNELL BROWN**

Defendant Darnell Montreze Brown, through counsel, moves this Honorable Court to allow him to withdraw his guilty plea entered in this case. As grounds for this Motion, Defendant says:

1. Defendant pled guilty on October 17, 2007.

2. The basis upon which the Defendant pled guilty was that he would be sentenced in accordance with an amount attributable to him of a total of 40 grams of cocaine. As attested by Defendant Brown during the hearing on his change of plea, he knew about selling this much cocaine, but had no information or details about the broader conspiracy.

3. By pleading guilty to 40 grams of cocaine, Defendant expected – and the undersigned specifically told Defendant – that he would be sentenced to 36 months or less depending on the specific details of the presentence investigation report and the applicability of the various USSG provisions. In other words, when Defendant pled guilty, he was led to believe and believed that his sentence of imprisonment was three years or less, not ten years.

4. During the process of developing the presentence investigation report, for the first time, it became apparent that due to an error in pleading guilty to Count 1 also,

Defendant Brown may be sentenced to a term of imprisonment of 120 months rather than what should be his Guideline sentence of 8 to 14 months.

5.  The probation officer's position, as shown in the PSIR at paragraph 68, is that by pleading guilty to Count 1, the government's 5k1.1 motion did not apply to avoid the mandatory 120 month minimum sentence. The undersigned thought the contrary. The undersigned thought, and represented to the Defendant, that because the government would file a 5k1.1 motion for downward departure, he would not be subject to the ten year minimum sentence and would instead be sentenced to the otherwise applicable USSG guideline sentence.

6.  The undersigned represents to this Court that the Defendant would never have pled guilty had he or the undersigned thought that he would be sentenced to ten years imprisonment. To allow this guilty plea to stand, when the Defendant, relying upon the undersigned, thought he would receive three years or less imprisonment, would be a tremendous injustice.

**WHEREFORE,** for good cause shown, Defendant moves this Honorable Court to withdraw his guilty plea entered on October 17, 2007.

Respectfully submitted on this the 18th day of January, 2008.

/s/  C. E. Vercelli, Jr.
**CHARLES E. VERCELLI, JR.** (ASB-6085-V82C)

**OF COUNSEL:**
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049
TEL:  334-834-8805
FAX:  334-834-8807
cvercelli@vercelli-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that on January 18, 2008, I electronically filed the foregoing document with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the United States Attorney.

                                                  **/s/ C. E. Vercelli, Jr.**
                                                  Of Counsel

535-07\M-Withdraw Guilty Plea.2.wpd